**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  ARROWHEAD PHARMACEUTICALS, INC. SECURITIES LITIGATION, | No.    17-56956 |
| _____ | D.C. No. 2:16-cv-08505-PSG-PJW |
| JOEL KUHN, On Behalf of Himself and All Others Similarly Situated, | MEMORANDUM* |
| Plaintiff-Appellant, | |
| v. | |
| ARROWHEAD PHARMACEUTICALS, INC.; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted July 9, 2019
Pasadena, California

Before:  M. SMITH and FRIEDLAND, Circuit Judges, and AMON,** District
Judge.

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Carol Bagley Amon, United States District Judge for
the Eastern District of New York, sitting by designation.

Plaintiff Joel Kuhn appeals the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) of his second amended complaint (SAC) alleging violations of section 10(b) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b-5 as well as control-person claims under section 20(a) of the Securities Exchange Act. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

"The [Private Securities Litigation Reform Act] significantly altered pleading requirements in private securities fraud litigation by requiring that a complaint plead with particularity both falsity and scienter." *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1084 (9th Cir. 2002), *abrogated on other grounds as recognized in South Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 784 (9th Cir. 2008). "[T]o properly allege falsity, a securities fraud complaint must . . . 'specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, . . . state with particularity all facts on which that belief is formed.'" *In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 877 (9th Cir. 2012) (third alteration in original) (quoting 15 U.S.C. § 78u–4(b)(1)). In doing so, a plaintiff must "reveal 'the sources of her information.'" *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1166 (9th Cir. 2009) (quoting *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 985 (9th Cir. 1999)).

17-56956

To plead scienter, a complaint must allege "particular facts in the complaint [that], taken as a whole, raise a strong inference that defendants intentionally or [with] 'deliberate recklessness' made false or misleading statements to investors." *Ronconi v. Larkin*, 253 F.3d 423, 429 (9th Cir. 2001) (citing *In re Silicon Graphics*, 183 F.3d at 979). "[A] court must consider plausible, nonculpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff," and "[a] complaint will survive . . . only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007).

Plaintiff argues that Arrowhead Pharmaceuticals, Inc., Christopher R. Anzalone, Bruce Givens, and Kenneth A. Myszkowksi (collectively Defendants) made misleading statements to investors regarding (1) ARC-520's general safety and toxicity risks; (2) FDA's partial clinical hold on ARC-520's multiple-dose study in January 2015; and (3) non-human primate deaths in toxicology studies. We hold that Plaintiff has failed to adequately plead falsity, and in the alternative has not adequately alleged scienter.

1. Plaintiff's allegations relating to Defendants' statements purportedly downplaying ARC-520's toxicity risks are not sufficiently specific to establish falsity. Plaintiff pointed only to a former Arrowhead employee's single statement

to establish dose accumulation toxicity risks and provided no corroborating details nor other facts. This does not meet the pleading requirements. For similar reasons, even if Plaintiff had adequately pled falsity, scienter would be lacking, because Plaintiff fails to specifically allege that Defendants knew any of their statements were materially misleading.

2. Plaintiff has also failed sufficiently to allege falsity with respect to Defendants' statements regarding the FDA's January 2015 partial clinical hold. Plaintiff's contention that the FDA placed a clinical hold on the ARC-520 multiple-dose study *because* it had concluded that the drug posed an unreasonable health and safety risk is unsupported by specific allegations. And Plaintiff has not sufficiently alleged that Defendants' statements about the hold were misleading. Alternatively, since Plaintiff has not sufficiently alleged that Defendants *knew* about the FDA's alleged reason for imposing the hold, Plaintiff has failed to allege scienter.

3. Plaintiff has also failed sufficiently to allege falsity with respect to Defendants' failure to disclose, before November 2016, the death of non-human primates in a toxicology study. Plaintiff's factual basis for this claim—that the deaths occurred in "late 2015 or early 2016"—is not supported by sufficiently specific factual allegations. Thus, Plaintiff's allegations are not sufficient to conclude that Defendants' statements before November 2016 were false or that

17-56956

Defendants improperly concealed news of the deaths. Alternatively, because Plaintiff fails specifically to allege who at Arrowhead knew about the deaths, he has failed to allege scienter.

4. Plaintiff alleges that Defendants made false statements in order to secure "a critical, lucrative collaboration deal with Amgen" and to raise $43.2 million in a secondary offering in August 2016. We have held that "allegations of routine corporate objectives such as the desire to obtain good financing and expand are not, without more, sufficient to allege scienter." *In re Rigel*, 697 F.3d at 884. In fact, in *Rigel*, plaintiffs contended precisely the same thing: that defendants "were seeking a partner and were planning to raise capital in a stock offering," and we found this allegation insufficient to plead scienter. *Id.* Thus, even if falsity were debatable, Plaintiff's allegations here are insufficient to meet the scienter requirement.

5. Plaintiff argues that the facts of this case are similar to *Schueneman v. Arena Pharmaceuticals, Inc.*, where we found scienter was properly pleaded. 840 F.3d 698 (9th Cir. 2016). This comparison is unconvincing. In *Arena Pharmaceuticals*, defendants "told investors about their confidence in [a drug's] approval being based on" the completion of all preclinical animal studies despite *knowing* of a rat study that pointed to cancer caused by the drug. *Id.* at 707. Here, Plaintiff failed to sufficiently allege that any individual speaker actually *knew*

5                                                    17-56956

about any dose accumulation or toxicity issues, let alone of FDA concerns about such issues, outside of conclusory statements in the SAC.

For the reasons discussed, the district court appropriately held that Plaintiff failed to plead falsity and scienter.

**AFFIRMED.**